*People v Pierce*, 303 AD2d 966 [2003], *lv denied* 100 NY2d 565 [2003]).

Contrary to the further contention of defendant, we conclude that County Court properly denied his motion seeking to sever the drug possession count from the count of criminal possession of a weapon in the third degree, inasmuch as the cocaine and gun possession were part of the same criminal transaction at the time of defendant's arrest on May 29, 2006 (*see* CPL 200.20 [2] [a]). In addition, based on the evidence that the same weapon was used in the incidents at Tony's Ranch House and the Groove Nightclub, we conclude that the "chain of joinder" was then properly extended to the robbery, murder and attempted murder counts arising out of those incidents (CPL 200.20 [2] [d]). With respect to the conviction of two counts of murder in the first degree, defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence inasmuch as the People did not offer proof of his age (*see People v Kleinhans*, 236 AD2d 790, 791 [1997], *lv denied* 89 NY2d 1096 [1997]; *see generally People v Gray*, 86 NY2d 10, 19 [1995]). Defendant failed to move for a trial order of dismissal with respect to those counts that was " 'specifically directed' at the alleged error" (*Gray*, 86 NY2d at 19).

We have considered the remaining contentions in defendant's pro se supplemental brief, and we conclude that they are either unpreserved or without merit. Present—Scudder, P.J., Hurlbutt, Smith and Carni, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. TAMBURRINO, Appellant. (Appeal No. 1.) [890 NYS2d 887]

Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. TAMBURRINO, Appellant. (Appeal No. 2.) [890 NYS2d 888]